[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ORDER ON PLAINTIFFS' MOTION FOR A WRITTEN DETERMINATION UNDER PRACTICE BOOK § 61-4
The plaintiffs, ShareAmerica, Inc. and ShareAmerica Limited Partnership, have moved this Court pursuant to Section 61-4 of CT Page 9614 the Connecticut Practice Book for a written determination that the issues resolved by the Court's July 2, 1999 Memorandum of Decision, granting the defendant's motion for summary judgment as to the Fourth Count of their Second Amended Complaint, "are of such significance to the determination of the outcome of the case that [any] delay incident to the [immediate] appeal [of that ruling] would be justified[.]" Id. In support of its motion for a written determination, the plaintiffs have filed a supporting memorandum which presents the following argument: first, that the count as to which summary judgment was rendered alleged a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42a-110a et seq.; second, that "the facts underlying the [three surviving counts of their Second Amended Complaint] must also be shown when the Plaintiffs present evidence on the CUTPA Count;" third, that if they are not permitted to appeal the Court's ruling on the CUTPA count before trial on the three remaining counts, they will ultimately be forced, if they win their appeal, to present the same evidence twice; fourth, that since the issue decided by this Court has not yet been decided by a Connecticut appellate court, and there is assertedly a split of authority on that issue in the Superior Court, "there is more than a possibility that the decision could be reversed and a second trial may be necessary;" fifth and finally, that an immediate appeal of the Court's decision would promote judicial economy by "avoid[ing] needless duplication of discovery and trial." Plaintiffs' Memorandum, pp. 1-3.
The defendant has responded to the plaintiffs' motion with a written objection in the form of an opposing memorandum of law. In its objection, the defendant disputes the plaintiffs' arguments in two principal ways. First, it asserts that "[t]he case law addressing Practice Book § 61-4 (formerly Practice Book § 4002c) indicates that an immediate appeal is only appropriate if the determination of the particular issue or issues that are sought to be appealed would alter the outcome of the trial, abrogate the need for a trial or streamline the issues to be resolved at trial." Objection, p. 3. On this score, it points by example to the decision of Judge Vertefeuille in F.B.Mattson Co., Inc. v. Tarte, WL 133396 (Conn.Super. 1997), where such a motion was granted on the following basis:
The relief sought in the second and third counts of the plaintiff's complaint is sought in alternative to the first account. The second and third counts, which allege fraudulent conveyance and unjust enrichment, will be pursued by CT Page 9615 the plaintiff only if the judgment on the first count is reversed. If the judgment on the first count finding the mechanic's lien valid is upheld, the relief requested in the remaining counts is unnecessary. Under these circumstances, an immediate appeal of the judgment on the first count will promote judicial economy and save the parties the additional expense of a trial which may prove to have been unnecessary. Id.
Defendant's Objection, pp. 3-4. In F.B. Mattson, claims the defendant, the right to appeal was appropriately granted because, if successful, the appeal would have obviated the necessity forany trial on the plaintiff's remaining claims. "Here, by contrast," the defendant argues, "plaintiffs' CUTPA claim is separate and distinct from the other claims they have asserted in this case and those claims are proceeding to trial regardless of the outcome of an appeal on the CUTPA claims." Defendant's Objection, p. 4.
The defendant's second basis for opposing the plaintiffs' motion is that that motion is based on the erroneous claim that there is a "split of authority" in the Superior Court with respect to the applicability of CUTPA to accounting malpractice claims. On this score, the defendant simply argues that there is no such split of authority.
The Court acknowledges that the facts underlying the plaintiffs' CUTPA claim are essentially the same as those underlying fts three remaining claims. This, however, is hardly surprising, for our rules of practice do not permit the joinder of several claims in a single lawsuit unless they are factually or legally related. See, e.g., Practice Book § 9-4
(providing, inter alia, that "[a] 11 persons may be joined in one action as plaintiffs in whom any right of relief in respect to or arising out of the same transaction or series of transaction is alleged to exist either jointly or severally when, if such persons brought separate actions, any common question of law or fact would arise[;]" Practice Book § 10-71 (providing, interalia, that "[i]n any civil action the plaintiff may include in the complaint both legal and equitable rights and causes of action, and demand both legal and equitable remedies; but if several causes of action are united in the same complaint, they shall all be brought to recover either (1) . . . or (7) upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject CT Page 9616 of action;") Practice Book § 10-39 (providing, inter alia,
that "(a) Whenever any party wishes to contest . . . (4) the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts. that party may do so by filing a motion to strike the contested pleading or part thereof.") In light of these rules and of the pleading practice they reflect, the right to take an immediate appeal from a summary-judgment ruling should not be granted merely because the claim disposed of by that ruling is factually related to the plaintiffs' remaining claims . . . Such a ruling would open the floodgates to interlocutory appeals of almost every pretrial granting of a dispositive motion on some but not all counts of a multi-count complaint. Whatever short-term efficiencies this might produce for an overburdened trial judge, it would invite disaster, in time and expense, for many litigants and add much potentially unnecessary work to our crowded appellate dockets.
Against this background, the Court agrees with the defendant that the purpose of Section 61-4 is to create a narrow exception to our final judgment rule for those rare and special cases where interlocutory review of a trial court's pretrial ruling will resolve or greatly streamline the resolution of the entire case. In those limited circumstances, the purpose of the final judgment rule — to promote efficiency in the handling of cases by avoiding the added cost, delay and administrative burden of piecemeal litigation — is better served by granting the right to an immediate appeal than, as usual, postponing any appeal until the rights of all parties have been fully adjudicated in the trial court. Only if the trial judge, who knows the case personally and understands the interplay among its several claims, and the chief judge of the appellate court having jurisdiction, who knows the current status of his or her appellate docket, are mutually satisfied that the possible benefits of early appellate review exceed the likely costs and burdens of such review should the motion be granted.
Here, the plaintiffs have advanced no compelling reason for distinguishing this case from the wide array of others where comparable pretrial rulings dispose of some but not all of the parties' pending claims. To be sure, the issue decided in this Court's challenged Memorandum of Decision has not yet been decided by our State's appellate courts. Hence, though the Court disagrees that there is a "split of authority" on that issue in the Superior Court, it readily acknowledges the potential for CT Page 9617 reversal.
The potential for reversal, however, is certainly not confined to cases raising issues of first impression. Hence, there is no logical reason for granting interlocutory appeal rights on that basis unless the determination of that issue is probably dispositive of the plaintiffs' entire case.
Here, of course, the plaintiffs' CUTPA claim was merely one of four independent causes of action brought together in its Second Amended Complaint. Whether or not the Court erred in granting summary judgment on that claim can have no effect on the ultimate fate of the three remaining claims, or on the process by which those claims are adjudicated. In the language of Section 61-4, the right to bring an immediate interlocutory appeal from a trial court's ruling must be based on a threshold judicial determination that the issues resolved by that ruling "are of such significance to the outcome of the case that the delay incident to the appeal would be justified[.]" (Emphasis added.) Where, as here, the outcome of the case will not be affected by the appellate court's decision, because regardless of that decision the plaintiffs' remaining claims must still be tried, there is no legal basis for granting the right to immediate appellate review.
For the foregoing reasons, the Court hereby DENIES the plaintiffs' motion for a written determination under Practice
MICHAEL R. SHELDON, J.